UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 22-CR-20347-DPG

UNITED STATES OF AMERICA

vs.

LUIS VILLANUEVA PERDOMO and
ANDRES CALERO CASTRO,

      **Defendants.**
_____/

UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 545, and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture against Defendants Luis Villanueva Perdomo ("Perdomo") and Andres Calero Castro ("Castro") (together, the "Defendants") in the above-captioned matter. The United States seeks forfeiture of gold merchandise introduced into the United States in violation of 18 U.S.C. § 545. In support of this motion, the United States provides the following factual and legal bases.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 4, 2022, a federal grand jury returned an Indictment charging the Defendants with Smuggling in violation of 18 U.S.C. § 545 (Counts 1 and 2) and False Statements in violation of 18 U.S.C. § 1001 (Counts 3 and 4). Indictment, ECF No. 9.

The Indictment also contained forfeiture allegations, which among other things, alleged that upon conviction of a violation of 18 U.S.C. § 545, the Defendant shall forfeit to the United States: (a) any property constituting, or derived from, proceeds obtained, directly or indirectly, as

the result of such offense, pursuant to 18 U.S.C. § 982(a)(2)(B); and (b) any merchandise introduced into the United States as a result of such an offense, pursuant to 18 U.S.C. § 545. *Id.* at 3.

On January 3, 2023, the Court accepted the Defendants' guilty pleas to Counts 1 and 2, respectively, of the Indictment. Minute Entry, ECF No. 28; *See* Perdomo Plea Agreement ¶ 1, ECF No. 30; *See* Castro Plea Agreement ¶ 1, ECF No. 32. As part of the guilty plea, the Defendants agreed to the forfeiture of the following gold pieces of jewelry:

- a. One (1) gold round link chain with cross pendant seized from defendant on or about July 12, 2022. The chain measures 11 millimeters wide and 26 inches long with an "S" clasp. The total weight of chain and cross pendant is 222 dwt.

- b. One (1) gold link bracelet seized from defendant on or about July 12, 2022. The bracelet measures 12 millimeters wide, 8 inches long with an "S" clasp and weighs 66.3 dwt.

- c. One (1) gold round link chain and cross pendant. The chain measures 11 millimeters wide, 26 inches long with an "S" clasp and a combined weight of 224.6 dwt. The cross stands 3 inches tall.

- d. One (1) gold metal round link bracelet that measures 12 millimeters wide, 8 inches long with an "S" clasp and weighs 66.5 dwt.

- e. Twenty-two (22) gold round circular donuts with a combined weight of 255.6 dwt.

("Subject Property"). Perdomo Plea Agreement ¶ 13, ECF No. 30; Castro Plea Agreement ¶ 13, ECF No. 32.

In support of the guilty plea, the Defendants executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendants' convictions. *See* Factual Proffers, ECF Nos 29 and 31.

On April 19, 2023, Defendants were sentenced. Minute Entry, ECF No. 47. At the

2

sentencing hearing, this Court ordered the United States to move for forfeiture within three (3) days.[1]

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of a conviction of 18 U.S.C. § 545 and any merchandise introduced to the United States in violation of 18 U.S.C. § 545 is subject to forfeiture. 18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 545.

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 982(a)(2)(B). Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

### B. Property Subject to Forfeiture in Instant Criminal Case

On July 12, 2022, the Defendants arrived at Miami International Airport on American Airlines Flight 1142 from Cali, Colombia. Upon arrival, United States Customs and Border Protection ("CBP") officers selected the Defendants for a secondary inspection. The

---

[1] The United States' time to move for forfeiture is April 24, 2023. Fed. R. Crim. P. 45(a)(1)(C) (In computing time "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Defendants filled out binding United States Customs Declaration Forms 6059B ("Form 6059B") and each Defendant knowingly and willfully provided a false statement that they did not have anything to declare. CBP officers conducted a search of each Defendant's person, which revealed a gold necklace and a gold bracelet valued at approximately $25,000. Each Defendant knew the necklace and bracelet were valued at approximately $25,000 and willfully did not declare the items they smuggled into the United States.

Further investigation revealed that the Defendants had repeatedly smuggled gold into the United States. Defendant Perdomo is the owner and Defendant Castro is the employee of Company 1 and Company 2 that smuggled approximately 119 packages containing gold into the United States from Cali, Colombia between December 22, 2018 and May 10, 2022. The packages were destined for Company 3, a Florida company located in Miami, Florida. To disguise the gold, the packages were declared primarily as "electronic connectors" among other names. The Defendants knew the gold must be invoiced and acted willfully to defraud the United States when the gold was not declared and shipped from Colombia to the United States. The approximate value of the gold contained in the 30 shipments sent between February 11, 2021 through May 10, 2022 was approximately $4,641,503.24.

Based on the record in this case, including the plea agreements and factual proffers, the Subject Property should be forfeited to the United States. Accordingly, the Court should issue the attached proposed order, which provides for the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendants' sentences and judgments in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 545, and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure,

the United States respectfully requests the entry of the attached order.

                                            Respectfully submitted,

                                            **MARKENZY LAPOINTE**
                                            **UNITED STATES ATTORNEY**

By:       */s/ Marx P. Calderón*
               *Marx P. Calderón*
               Assistant United States Attorney
               Court ID No. A5502700
               99 N.E. 4th Street, 7th Floor
               Miami FL, 33132-2111
               Telephone: (305) 961-9036
               E-mail: Marx.Calderon@usdoj.gov